[No. 72956-5.  En Banc.]
Argued May 20, 2003.      Decided July 24, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. MORRIS H. GOLDBERG, *Petitioner*.

*Susan M. Gasch*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

JOHNSON, J. — Morris H. Goldberg seeks reversal of an unpublished Court of Appeals opinion affirming his conviction of aggravated first degree murder. Goldberg primarily claims the aggravating circumstance, that the victim was to be a witness in an adjudicative proceeding, should not apply in this case because he was not a party to those proceedings. He also argues that the trial court improperly coerced the jury into finding the aggravating circumstance was proved when the trial judge ordered the jury to continue deliberations after it had answered the special verdict instruction given in this case. We vacate the verdict on the aggravating factor and remand for further proceedings.

## FACTS

A jury in Spokane County Superior Court convicted Morris H. Goldberg of premeditated murder in the first degree (with an aggravating circumstance). Goldberg admits his participation in the death of his son-in-law, Peter Zeihen, who was involved in a contested marriage dissolution proceeding with Goldberg's daughter. Zeihen had requested custody of their two-year-old child and was expected to testify in a dissolution trial scheduled for December 2, 1991. On November 18, 1991, Goldberg and his wife shot Zeihen in the parking lot of his apartment building. Goldberg believed Zeihen was molesting his granddaughter and killing him was the only way to prevent access to the child as neither the court system nor law enforcement agencies would address the molestation problem. The sole statutory aggravating factor alleged in the

information was that Zeihen was killed because of his role as a witness in the dissolution proceeding.

Goldberg argued justifiable homicide, in that he committed the murder only to prevent further alleged sexual abuse of his granddaughter, rather than to prevent the victim from gaining child custody in the dissolution proceedings. The trial court twice denied Goldberg's motions to strike the statutory aggravating factor, concluding the evidence permitted the jury to find Zeihen was killed because of the pending dissolution trial.

The jury announced its verdict the same afternoon it began deliberations: guilty of first degree murder. Yet, the jury answered "no" on the special verdict form asking whether the crime was committed because of the victim's role as a witness in an adjudicative proceeding. The court then polled the jury by a show of hands on how many had voted "no" on the aggravating factor. Three jurors had actually voted no; however, only one juror raised a hand. Thereafter, the trial judge sent the jury out of the courtroom and spoke with the attorneys about what had just happened. After much discussion, it was agreed that there may have been some confusion on the jury's part because the jury had informed the bailiff that it had reached agreement. The trial judge then brought the jury back into the courtroom and asked the presiding juror if a unanimous decision could be reached on the aggravating circumstance. The presiding juror informed the court there was no reasonable probability of the jury reaching a unanimous agreement on the special verdict within a reasonable time. Upon hearing this, defense counsel immediately moved for a mistrial on the aggravating factor. Rather than grant the motion, the trial judge sent the jury home for the night with instructions to resume deliberations in the morning to see if unanimity could be reached. At this point it was close to 5 P.M. and the jury had been in deliberations since 11 A.M. that morning.

The next morning, after an additional three hours of deliberations, the jury returned a unanimous finding that

the State had proved the aggravating factor. The mandatory sentence of life imprisonment without possibility of parole was later imposed. The Court of Appeals affirmed Goldberg's conviction and dismissed his three consolidated personal restraint petitions. In his appeal, Goldberg argues the aggravating circumstance does not apply because he was not a party to the dissolution proceedings and the trial court coerced the jury's verdict on the aggravating circumstance.

## ANALYSIS

The primary issues in this case deal with (1) whether the trial court properly ordered the jury to continue deliberations after the jury indicated that it could not come to a unanimous decision on the special verdict, and (2) whether the statutory aggravating factor of killing a prospective witness applies when the defendant is not a party to the proceedings in which the witness is going to testify. We answer the first question in the negative and the second in the affirmative.

### Jury Coercion

Goldberg asserts the trial court improperly and coercively influenced the jury's deliberations when, after polling each individual juror at the time the verdict was returned, the court ordered them to return and continue deliberations the next day. This claim focuses on (1) the special verdict form given in this case, (2) the fact that three jurors indicated they had voted "no" on this issue, and (3) the trial court's ordering the jury to return and continue deliberations toward unanimity on this point.

■■ The right to a jury trial includes the right to have each juror reach his or her own verdict "uninfluenced by factors outside the evidence, the court's proper instructions, and the arguments of counsel." *State v. Boogaard*, 90 Wn.2d 733, 736, 585 P.2d 789 (1978). Washington requires unanimous jury verdicts in criminal cases. CONST. art. I, § 21;

*State v. Stephens*, 93 Wn.2d 186, 190, 607 P.2d 304 (1980). As for aggravating factors, jurors *must be unanimous* to find that the State has proved the existence of the aggravating factor beyond a reasonable doubt. Goldberg was charged in this case with premeditated murder in the first degree, with aggravating circumstances. This charge implicates two statutes: RCW 9A.32.030 and RCW 10.95.020. In order to be subject to the increased punishment provided for under RCW 10.95.030, the jury must separately make findings that the defendant is guilty of the substantive crime of premeditated murder in the first degree, and also that the State has proved the existence of the aggravating factor. The jury in this case was separately instructed on each of these inquiries.

As indicated, when the jury returned with a finding of guilty to the charge of first degree murder, it answered "no" on the special verdict regarding the aggravating factor.[1] Instruction 16, the special verdict form given in this case, reads as follows:

> In order to answer the special verdict form "yes", you must *unanimously* be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you have a reasonable doubt as to the question, you must answer "no".

Clerk's Papers at 391 (emphasis added).

The parties frame the issue by focusing on cases that discuss under what circumstances a trial court improperly coerces a jury toward a unanimous verdict when one is required. *See Boogaard*, 90 Wn.2d at 736; *State v. Jones*, 97 Wn.2d 159, 164, 641 P.2d 708 (1982). The issue here, however, is somewhat different. In Goldberg's case, the trial court evidently concluded the jury was deadlocked on the special verdict instruction and ordered continued deliberations toward unanimity. We must decide whether such unanimity is required. We hold it is not.

---

[1] It is clear from the trial transcript and the clerk's papers that the jury originally answered "no" on the special verdict. It was not until the jury was sent back to deliberate further that it answered "yes." Clerk's Papers at 400; Trial Trs. at 1557-58.

As indicated above, when the jury returned its verdict and answered "no" on the special verdict form, the trial judge acted as if the jury were deadlocked on this issue and ordered continued deliberations. This was error. When a jury is deadlocked on a general verdict, the trial court has the authority, within limits, to instruct the jury to continue deliberations. CrR 6.16(a)(3). That authority does not exist with respect to a jury's answer to a special finding as given in this case.

Here, the jury performed as it was instructed. It returned a verdict of guilty as to the crime, for which unanimity was required, and it answered "no" to the special verdict form, where under instruction 16, unanimity is not required in order for the verdict to be final. We find no error in the jury's initial verdict in this case which would require continued deliberations. As instructed in this case, when the verdict was returned, the jury's responsibilities were completed and the jury's judgment should have been accepted. We hold that it was error for the trial court to order continued deliberations and we vacate the finding on the aggravating factor.

## Aggravating Circumstance

■ Goldberg argues that the aggravating factor he was charged and found to have acted with should not apply in this case. RCW 10.95.020 defines the aggravating circumstances that make premeditated first degree murder punishable under that chapter rather than under the Sentencing Reform Act of 1981, chapter 9.94A RCW. The aggravating factor charged here provides:

(8)[2] The victim was:

(a) A judge; juror or former juror; prospective, *current, or former witness in an adjudicative proceeding*; prosecuting attorney; deputy prosecuting attorney; defense attorney; a

---

[2] At the time of trial, this crime was charged under former RCW 10.95.020(6) (1981); however, the statute was later recodified as RCW 10.95.020(8), without change.

member of the indeterminate sentence review board; or a probation or parole officer; and

(b) *The murder was related to the exercise of official duties* performed or *to be performed by the victim*;

RCW 10.95.020(8) (emphasis added).

This aggravating factor has been reviewed in previous cases. In two of the cases, it was the sole aggravating component and involved defendants who killed witnesses who had either testified, or were going to testify, in a proceeding where the defendant was not a party. *See State v. Honton*, 85 Wn. App. 415, 932 P.2d 1276 (1997); *State v. Bourgeois*, 133 Wn.2d 389, 945 P.2d 1120 (1997). In neither case did the defendant argue that this factor was inapplicable because he had not been a party to the proceeding for which the witness was killed. Consistent with the specific statutory language, and our prior cases, the Court of Appeals correctly rejected Goldberg's argument.

## CONCLUSION

In sum, special verdicts do not need to be unanimous in order to be final. When the jury answered "no" on the special verdict form, its duty to the court should have ended, and the jury should have been dismissed. Further, the plain language of RCW 10.95.020(8) supports the conclusion that the defendant is not required to be a party in the proceeding in which the victim was, or was going to be, a prospective witness. Goldberg's conviction for first degree murder is affirmed and the finding on the special verdict is vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.

ALEXANDER, C.J., and MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.