252 P.3d 895 (2011)
160 Wash.App. 944
STATE of Washington, Respondent,
v.
George W. RYAN, Appellant.
No. 64726-1-I.
Court of Appeals of Washington, Division 1.
April 4, 2011.
Christopher Gibson, Nielsen Broman & Koch, Seattle, WA, for Appellant.
Brian Martin McDonald, King County Prosecuting Attorney, Seattle, WA, for Respondent.

*896 PUBLISHED IN PART
ELLINGTON, J.
¶ 1 Under State v. Bashaw, it is manifest constitutional error to instruct a jury that it must be unanimous in order to find the State failed to prove either an aggravating factor or the facts supporting a sentencing enhancement.[1] Because the jury was so instructed in this case, we vacate George Ryan's exceptional sentences. We otherwise affirm.

BACKGROUND
¶ 2 The charges in this case arose from an incident in June 2009. George Ryan and Evette White had been engaged in a long and tumultuous relationship marked by repeated breakups and numerous reports to police of domestic violence. On this occasion, Ryan had been drinking. He was talking with White as he toyed with a knife. When White indicated she wished to end their relationship, Ryan pointed the knife at her, bringing it within a few inches of her face, and threatened to cut and to kill her. He told her their two daughters would not have a mother.
¶ 3 Instead, Ryan accidentally cut his own leg and then left the house. White immediately locked the door, hid in another room and called police, who arrived in seconds.
¶ 4 Based on information from White, officers found Ryan laying under a tarp in a nearby vacant lot. He appeared intoxicated and had a cut on his leg. He claimed he had not been involved in any incident and had not been in the house for three days. During a search, officers found the knife on Ryan's person.
¶ 5 The State charged Ryan with second degree assault and felony harassment. The State alleged two aggravating circumstances: that the offense involved domestic violence and there was evidence of a pattern of abuse manifested by multiple incidents over a prolonged period. In addition, the State alleged Ryan committed the felony harassment offense while armed with a deadly weapon.
¶ 6 The jury found Ryan guilty as charged. The court imposed exceptional sentences of 70 months on the second degree assault conviction and 60 months on the felony harassment conviction. Ryan appeals, challenging the propriety of the jury instructions on the special verdicts for sentencing and the exclusion of certain evidence at trial. We address the jury instructions in the published portion of this opinion.

DISCUSSION

Special Verdicts
¶ 7 The court instructed the jury to use special verdict forms on the sentencing issues, and that it must be unanimous to answer the special verdicts:
Because this is a criminal case, all twelve of you must agree in order to answer the special verdict forms. In order to answer the special verdict forms "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously have a reasonable doubt as to this question, you must answer "no."[[2]]
Ryan argues for the first time on appeal that this instruction was error.
¶ 8 In Bashaw, the jury had to determine whether the State had proven a fact giving rise to a sentence enhancement.[3] In explaining the special verdict forms, the trial court gave the standard unanimity instruction. Our Supreme Court held the instruction erroneous for sentencing verdicts and reversed:
Though unanimity is required to find the presence of a special finding increasing the maximum penalty, it is not required to find the absence of such a special finding. The jury instruction here stated that unanimity was required for either determination. That was error.[[4]]
*897 ¶ 9 The instruction here was likewise error. The State's burden is to prove to the jury beyond a reasonable doubt that its allegations are established. If the jury cannot unanimously agree that the State has done so, the State has necessarily failed in its burden.[5] To require the jury to be unanimous about the negativeto be unanimous that the State has not met its burdenis to leave the jury without a way to express a reasonable doubt on the part of some jurors.[6]
¶ 10 Ryan did not object to the instructions below. Ordinarily, failure to timely object waives the claim on appeal.[7] This is so even with respect to instructional errors.[8] But an appellant may raise an issue for the first time on appeal if the error is both manifest and of constitutional dimension.[9] Though the State contends the instructional error here meets neither condition, Bashaw compels the conclusion the error is both manifest and constitutional.
¶ 11 The State points out that neither Goldberg nor Bashaw articulated a constitutional rationale, and relies on a footnote in Bashaw in which the court observed that its holding is "not compelled by constitutional protections against double jeopardy . . . but rather by the common law precedent of this court, as articulated in Goldberg."[10] The State contends this footnote establishes that the error is not of constitutional magnitude. The State also points to the Bashaw court's emphasis on concerns about judicial economy, cost and finality, which are not constitutional concerns.
¶ 12 In a thoughtful and thorough opinion, Division Three of this court recently came to that conclusion, holding that the same error was not of constitutional magnitude and cannot be raised for the first time on appeal.[11]
¶ 13 We reach the opposite conclusion. The Bashaw court strongly suggests its decision is grounded in due process. The court identified the error as "the procedure by which unanimity would be inappropriately achieved," and referred to "the flawed deliberative process" resulting from the erroneous instruction.[12] The court then concluded the error could not be deemed harmless beyond a reasonable doubt, which is the constitutional harmless error standard. The court refused to find the error harmless even where the jury expressed no confusion and returned a unanimous verdict in the affirmative.[13] We are constrained to conclude that under Bashaw, the error must be treated as one of constitutional magnitude and is not harmless.
¶ 14 The State next contends Bashaw applies only to special verdicts on sentencing enhancements, not aggravating circumstances.[14] The State relies on the statute governing jury determination of aggravating *898 circumstances. Unlike statutes pertaining to sentence enhancements, which say nothing about unanimity, RCW 9.94A.537(3) states, in pertinent part: "The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory."
¶ 15 The State reads this provision to require jury unanimity to render any verdict about aggravating circumstances, whether affirmative or negative. We do not.
¶ 16 Reading the quoted section together with other provisions of the statute, as we must, convinces us that unanimity is required only for an affirmative finding.[15] Subsection 6 empowers the court to sentence a defendant to the maximum term of confinement "[i]f the jury finds, unanimously and beyond a reasonable doubt, one or more of the facts alleged by the state in support of an aggravated sentence."[16] This language plainly contemplates the possibility that the jury will not be unanimous, in which case the court may not impose the aggravated sentence.
¶ 17 But the State contends the statute permits retrial if the jury is not unanimous about aggravating circumstances. The State points to the Bashaw court's emphasis on concerns about judicial economy, cost, and finality to support its conclusion that a nonunanimous "no" verdict was final as to sentencing enhancements, and contends these economic interests do not weigh as heavily with respect to aggravating circumstances.[17] The State also points to RCW 9.94A.537(2), which empowers courts to impanel juries to retry alleged aggravating circumstances when an exceptional sentence is reversed on appeal.
¶ 18 But the amendments codified in RCW 9.94A.537(2) responded to Blakely v. Washington,[18] after which aggravated sentences were reversed because, consistent with prior law, judges rather than juries had found the predicate facts.[19] The provision reveals nothing about the legislature's intent concerning retrial in these circumstances.
¶ 19 We find no basis on which to distinguish Bashaw. Accordingly, we vacate Ryan's exceptional sentences and remand for further proceedings consistent with this opinion.
¶ 20 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.
WE CONCUR: APPELWICK and COX, JJ.
NOTES
[1] 169 Wash.2d 133, 145-48, 234 P.3d 195 (2010).
[2] Clerk's Papers (CP) at 79.
[3] 169 Wash.2d at 145, 234 P.3d 195.
[4] Id. at 147, 234 P.3d 195 (citing State v. Goldberg, 149 Wash.2d 888, 893, 72 P.3d 1083 (2003)).
[5] Id.
[6] In Goldberg, the jury was instructed to answer "no" if it could not unanimously answer "yes". Goldberg, 149 Wash.2d at 893, 72 P.3d 1083 ("In order to answer the special verdict form `yes', you must unanimously be satisfied beyond a reasonable doubt that `yes' is the correct answer. If you have a reasonable doubt as to the question, you must answer `no'." (emphasis omitted)). The Supreme Court vacated the exceptional sentence in that case not because of a faulty instruction but because of the trial court's insistence that the jury be unanimous to answer "no." Id. at 894, 72 P.3d 1083.
[7] RAP 2.5(a); State v. Kirkman, 159 Wash.2d 918, 926, 155 P.3d 125 (2007).
[8] See, e.g., State v. Williams, 159 Wash.App. 298, 312-13, 244 P.3d 1018 (2011).
[9] State v. O'Hara, 167 Wash.2d 91, 98, 217 P.3d 756 (2009).
[10] Bashaw, 169 Wash.2d at 146 n. 7, 234 P.3d 195 (citation omitted).
[11] State v. Nunez, 160 Wash.App. 150, 163, 248 P.3d 103 (2011).
[12] Bashaw, 169 Wash.2d at 147, 234 P.3d 195.
[13] Id. at 147-48, 234 P.3d 195; see also State v. Brown, 147 Wash.2d 330, 341, 58 P.3d 889 (2002) (The "test for determining whether a constitutional error is harmless [is] `whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" (internal quotation marks omitted) (quoting Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999))).
[14] The State does not concede that Bashaw correctly states the law with respect to sentencing enhancements, but acknowledges this court is bound by the decision.
[15] In re Pers. Restraint of Skylstad, 160 Wash.2d 944, 948, 162 P.3d 413 (2007) ("When we read a statute, we must read it as a whole and give effect to all language used.").
[16] RCW 9.94A.537(6) (emphasis added).
[17] Bashaw, 169 Wash.2d at 146-47, 234 P.3d 195 ("Retrial of a defendant implicates core concerns of judicial economy and finality. Where, as here, a defendant is already subject to a penalty for the underlying substantive offense, the prospect of an additional penalty is strongly outweighed by the countervailing policies of judicial economy and finality.").
[18] 542 U.S. 296, 303-04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding the Sixth Amendment requires the State to prove to the trier of fact beyond a reasonable doubt facts supporting an exceptional sentence).
[19] LAWS OF 2007, ch. 205, §§ 1, 2.