IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32860-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCOS AVALOS BARRERA, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

BROWN, J. — Marcos Avalos Barrera appeals his custodial assault and fourth degree assault convictions, alleging instructional error and sufficient evidence does not exist to support his convictions. We disagree and affirm.

## FACTS

Correction Officer Alex Aragon assisted in escorting prisoner Anthony Vazquez from his cell to the visitation room. As Mr. Vazquez descended from the upper cell area, Mr. Barrera charged at him and began punching him. Officer Aragon attempted to break up the fight, at which point Mr. Barrera struck the officer. Mr. Barrera claims he did not intend to strike Officer Aragon.

Mr. Vazquez did nothing to provoke the fight at the time of the confrontation, but Mr. Barrera claimed Mr. Vazquez threatened him previously.

The State charged Mr. Barrera with fourth degree assault (involving Mr. Vazquez) and custodial assault (involving Officer Aragon).

The court instructed the jury, "If a person acts with intent to assault another, but the act harms a third person, the actor is also deemed to have acted with intent to assault the third person." Clerk's Papers (CP) at 130. Defense counsel objected to a proposed jury instruction about "consent" and noted this is a "transferred intent case." Report of Proceedings (RP) at 188. Counsel stated, "as far as what an assault is, intent . . . I think [the pattern instructions] fairly state the law in this case." *Id.*

The court instructed the jury, "A person is entitled to act on appearances in defending himself, if that person believes in good faith and on reasonable grounds that he is in actual danger of great bodily harm." CP at 135. The court instructed the jury, "if you find beyond a reasonable doubt that the defendant was the aggressor and that defendant's acts and conduct provoked or commenced the fight, then self-defense is not available as a defense." CP at 131.

A jury found Mr. Barrera guilty as charged. He appealed.

## ANALYSIS

### A. Transferred Intent

The issue is whether the court erred in giving the jury a transferred intent instruction that provided, "If a person acts with intent to assault another, but the act

2

harms a third person, the actor is also deemed to have acted with intent to assault the third person." CP at 130. Mr. Barrera claims intent could not transfer to the correction officer because custodial assault is a more serious offense than fourth degree assault. Mr. Barrera, however, did not object to the giving of this instruction below; rather, our record shows he objected to a different instruction regarding consent. Generally, instructional error may not be raised for the first time on appeal. *State v. Morgan*, 163 Wn. App. 341, 348, 261 P.3d 167 (2011). Moreover, an unchallenged transferred intent instruction becomes "the law of the case." *State v. Wilson*, 113 Wn. App. 122, 131, 52 P.3d 545 (2002) (citing *State v. Perez-Cervantes*, 141 Wn.2d 468, 476 n.1, 6 P.3d 1160 (2000)).

Nevertheless, transferred intent is applicable to assault charges involving an accidental or unintended victim. Our Supreme Court addressed this in the context of assault in *State v. Elmi*, 166 Wn.2d 209, 207 P.3d 439 (2009). There, Mr. Elmi used a firearm to shoot into his estranged wife's house. He was convicted of attempted first degree murder against his wife *and* first degree assault against her children who were present in the house during the shooting. On appeal, Mr. Elmi argued the State was required to prove he had the specific intent to assault the children. Our Supreme Court disagreed, holding that a person's intent to assault transfers to "any unintended victim." *Id.* at 218. Mr. Barrera asks us to carve out an exception for when the victim is a corrections institution employee. Our Supreme Court, however, has clearly stated that intent may transfer to "any unintended victim." *Id.* Moreover, to borrow from tort law,

3

one takes their victim as they find them. *State v. Hiett*, 154 Wn.2d 560, 572, 115 P.3d 274 (2005) (the "eggshell skull" rule).

## B. Evidence Sufficiency

The issue is whether sufficient evidence supports Mr. Barrera's convictions. He argues the State failed to disprove self defense beyond a reasonable doubt.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

A person is guilty of fourth degree assault, "if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041(1). A person is guilty of custodial assault if he or she, "[a]ssaults a full or part-time staff member . . . at any adult corrections institution or local adult detention facilities who was performing official duties at the time of the assault." RCW 9A.36.100(1)(b).

A defendant asserting a claim of self defense bears the initial burden of producing some evidence that his or her actions occurred in circumstances amounting

4

No. 32860-1-III
*State v. Barrera*

to self defense. *State v. Douglas*, 128 Wn. App. 555, 562, 116 P.3d 1012 (2005). Once this threshold is met and a jury is instructed on self defense, the State bears the burden of proving the absence of self defense beyond a reasonable doubt. *State v. Walden*, 131 Wn.2d 469, 473, 932 P.2d 1237 (1997). The absence of self defense becomes another element of the offense that the State must prove. *State v. Woods*, 138 Wn. App. 191, 198, 156 P.3d 309 (2007).

Here, drawing all reasonable inferences in favor of the State, Mr. Barrera claimed Mr. Vazquez threatened him in the past. The State, however, offered eye-witness testimony showing no threats were made at the time of the attack. The attack was unprovoked. Credibility determinations are for the trier of fact. *Camarillo*, 115 Wn.2d at 71. Accordingly, the State met its burden to prove Mr. Barrera was the aggressor and did not act in self defense. Sufficient evidence supports both convictions.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

5