# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53100-3-II |
| Respondent, | |
| v. | |
| RAYMOND RUBEN CRUZ, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Raymond Ruben Cruz appeals his conviction and sentence for second degree possession of stolen property. The amended information purported to charge Cruz with second degree possession of stolen property but alleged the essential elements of a different crime. The State concedes that, as a result, the charging information was constitutionally deficient to support a conviction on second degree possession of stolen property.

Cruz also argues that the trial court erroneously ordered him to pay witness costs and failed to strike language imposing interest accrual on nonrestitution legal financial obligations from his judgment and sentence despite his indigency. The trial court did not order Cruz to pay witness costs. The State concedes that interest accrual on nonrestitution legal financial obligations should be stricken.

We hold that the charging information was constitutionally deficient as to Cruz's conviction for second degree possession of stolen property and reverse that conviction. We also accept the State's concession regarding interest accrual. Accordingly, we reverse Cruz's conviction for second degree possession of stolen property and remand for dismissal of that

conviction without prejudice and for resentencing. Upon resentencing, the trial court must correct the interest accrual provision so that it does not apply to nonrestitution legal financial obligations.

FACTS

In August 2018, Cruz and an accomplice burglarized a property in Thurston County. The men were spotted loading items from a garage into the property owner's Chevrolet Blazer and driving away. Police officers pursued the Blazer and ultimately found it parked in bushes near a large metal building. Upon searching the metal building, officers discovered Cruz and a large amount of property that had been stolen.

The State charged Cruz with second degree burglary, theft of a motor vehicle, and second degree possession of stolen property. As to the third charge, the amended information purported to charge Cruz under RCW 9A.56.160(1)—second degree possession of stolen property other than a firearm or motor vehicle—but alleged that Cruz "did knowingly receive, retain, possess, conceal, or dispose of *a stolen motor vehicle*, knowing that this property had been stolen, and did withhold or appropriate this property to the use of a person other than the true owner or person entitled thereto," which are the elements of RCW 9A.56.068—possession of a stolen vehicle. Clerk's Papers (CP) at 1-2 (emphasis added); *see also* RCW 9A.56.140(1).

The trial court instructed the jury as follows:

> To convict the defendant of the crime of possessing stolen property in the second degree, as charged in Count 3, each of the following five elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about August 21, 2018, the defendant or an accomplice knowingly received, retained, possessed, concealed or disposed of stolen property;
>
> (2) That the defendant or an accomplice acted with knowledge that the property had been stolen;

No. 53100-3-II

(3) That the defendant or an accomplice withheld or appropriated the property to the use of someone other than the true owner or person entitled thereto;

(4) That the stolen property exceeded $750; and

(5) That any of these acts occurred in the State of Washington.

CP at 127.

The jury found Cruz guilty as charged. The trial court entered a judgment and sentence convicting Cruz of second degree burglary, theft of a motor vehicle, and second degree possession of stolen property. The trial court imposed a $500 victim assessment and no other legal financial obligations. The judgment and sentence included boilerplate language indicating that the legal financial obligations imposed would bear interest at the rate applicable to civil judgments.

Cruz appeals his conviction for second degree possession of stolen property and his sentence.

ANALYSIS

I. POSSESSION OF STOLEN PROPERTY

Count three of the amended information charged Cruz with second degree possession of stolen property other than a firearm or motor vehicle, RCW 9A.56.160(1).[1] However, the elements

---

[1] RCW 9A.56.160 provides:

**Possessing stolen property in the second degree—Other than firearm or motor vehicle.**
(1) A person is guilty of possessing stolen property in the second degree if:
(a) He or she possesses stolen property, other than a firearm [] or a motor vehicle, which exceeds seven hundred fifty dollars in value but does not exceed five thousand dollars in value; or
(b) He or she possesses a stolen public record, writing or instrument kept, filed, or deposited according to law; or
(c) He or she possesses a stolen access device.

3

of the crime listed in the amended information were the elements for a different offense—possession of a stolen vehicle, RCW 9A.56.068. At trial, the State elicited evidence relevant to the crime of second degree possession of stolen property, and the trial court instructed the jury on the elements of that crime. Cruz contends that as a result, the trial court instructed the jury on an uncharged alternative means.

Possession of a stolen vehicle is not an alternative means of possession of stolen property. In fact, RCW 9A.56.160 expressly excludes motor vehicles. Nevertheless, the State concedes that the amended information failed to sufficiently allege the essential elements of second degree possession of stolen property. We agree.

A defendant has the constitutional right to be informed of the charges against them. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014); U.S. CONSt. amend. VI; WASH. CONST. art. I, § 22. The State formally gives notice of charges by information, which "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(a)(1). The sufficiency of the elements listed in a charging document may be raised for the first time on appeal.[2] *See State v. Morgan*, 163 Wn. App. 341, 345, 261 P.3d 167 (2011).

We review the adequacy of a charging document de novo. *Johnson*, 180 Wn.2d at 300. But when the issue is raised for the first time on appeal, we liberally construe the language of the charging document in favor of validity. *Morgan*, 163 Wn. App. at 345. The charging information is constitutionally sufficient if all the essential elements of the crime are included in the document. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995).

---

[2] Cruz argues in the alternative that his defense counsel was ineffective for failing to challenge the to convict jury instruction. Because the sufficiency of a charging document may be raised for the first time on appeal, we do not reach this issue.

"'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.'" *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). The primary purpose of the essential element rule is "to apprise the accused of the charges against [them] and to allow the defendant to prepare a defense." *Vangerpen*, 125 Wn.2d at 787. If the State fails to allege every essential element of the crime, then the information is deficient and the charge must be dismissed without prejudice. *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010).

Because the amended information did not apprise Cruz of the essential elements of the crime of second degree possession of stolen property, even liberally construing the language in favor of validity, the amended information was constitutionally deficient and cannot support a conviction on that charge. Accordingly, we reverse Cruz's conviction for count three—second degree possession of stolen property.

## II. LEGAL FINANCIAL OBLIGATIONS

A.     Witness Costs

Cruz argues that the trial court erred by ordering him to pay witness costs without inquiring into his ability to pay. The record does not support his contention.

At sentencing, the trial court did not order Cruz to pay any discretionary legal financial obligations. Specifically, the judgment and sentence did not order Cruz to pay witness costs. Separately from the judgment and sentence, the State filed a cost bill noting $63.60 in witness fees from Cruz's trial. Contrary to his argument on appeal, the cost bill did not order Cruz to pay the

witness fees. Rather, it certified that the cost bill was "chargeable to and payable by the State of Washington." CP at 131. The error Cruz alleges did not occur.

B.      Nonrestitution Interest

Cruz also argues, and the State concedes, that the trial court erred by imposing the accrual of interest on nonrestitution legal financial obligations. We accept the State's concession. RCW 10.82.090 now prohibits interest from accruing on nonrestitution legal financial obligations.

We reverse Cruz's conviction on count three—second degree possession of stolen property—and remand for dismissal of that conviction without prejudice and for resentencing. Upon resentencing, the trial court must correct the interest accrual provision so that it does not apply to nonrestitution legal financial obligations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, P.J.

Cruser, J.