[Nos. 85789-0; 85947-7.   En Banc.]
Argued January 12, 2012.      Decided June 7, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. ENRIQUE
GUZMAN NUÑEZ, *Petitioner*.

THE STATE OF WASHINGTON, *Petitioner*, v. GEORGE W. RYAN,
*Respondent*.

*Jan Trasen* and *Thomas M. Kummerow* (of *Washington Appellate Project*), for petitioner Guzman Nuñez.

*Daniel T. Satterberg, Prosecuting Attorney for King County*, and *Brian M. McDonald, Deputy*, for petitioner State.

*Steven M. Clem, Prosecuting Attorney for Douglas County*, and *Eric C. Biggar, Deputy*, for respondent State.

*Christopher Gibson* (of *Nielsen, Broman & Koch PLLC*), for respondent Ryan.

---

¶1 WIGGINS, J. — The Sixth Amendment to the United States Constitution requires that a jury must unanimously find beyond a reasonable doubt any aggravating circumstances that increase a defendant's sentence. In Washington, a jury uses special verdict forms to find these aggravating circumstances. In *State v. Bashaw*, 169 Wn.2d 133, 234 P.3d 195 (2010), we held in part that a jury may *reject* a special finding on an aggravating circumstance even if the jurors are not unanimous.[1] In these two consolidated cases, the trial court instructed the jury that it must be unanimous to either accept or reject the aggravating circumstances, contrary to our decision in *Bashaw*. However, the nonunanimity rule adopted in *Bashaw* was based on an incorrect rule announced in *State v. Goldberg*, 149 Wn.2d 888, 894, 72 P.3d 1083 (2003). This rule conflicts with statutory authority, causes needless confusion, does not

---

[1] The nonunanimity rule was actually a relatively minor part of our holding in *Bashaw*. *See* 169 Wn.2d at 145-48. Our primary holding in *Bashaw* concerned the showing of reliability necessary for admission of results of a measuring device. *See id.* at 137-45. We held that the trial court abused its discretion by admitting the results of a rolling wheel measuring device with "no showing whatsoever that those results were accurate," but that the error was harmless on two of three counts. *Id.* at 143. That holding is not affected by this opinion.

serve the policies that gave rise to it, and frustrates the purpose of jury unanimity. Accordingly, we take this opportunity to reconsider this portion of our holding in *Bashaw* and hold that the nonunanimity rule cannot stand. We affirm the Court of Appeals in upholding Nuñez's conviction and sentence, reverse the Court of Appeals and reinstate Ryan's exceptional sentence, and remand both cases for proceedings consistent with this opinion.

## FACTS

*State v. Guzman Nuñez*

¶2 Enrique Nuñez[2] was convicted of delivery of a controlled substance and possession of a controlled substance. The State included a special allegation on the aggravating circumstance that each crime took place within 1,000 feet of a school bus route stop. The jury was given a special verdict form for each count regarding the school bus route stop allegation. Instruction 15 stated that the jury must be unanimous to answer the special verdict forms:

> Because this is a criminal case, all twelve of you must agree in order to answer the special verdict forms. In order to answer the special verdict forms "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously have a reasonable doubt as to this question, you must answer, "no."

Nuñez Clerk's Papers at 30. Nuñez did not object to the form of instruction 15.

¶3 The jury unanimously answered both special verdict forms "yes." At sentencing, the trial court imposed one 24-month sentence enhancement for the possession count. Nuñez appealed his conviction. After we decided *Bashaw*, 169 Wn.2d 133, the Court of Appeals, Division Three, held

---

[2] The case caption lists this defendant's name as Guzman Nuñez. We refer to this defendant as Nuñez alone because this is consistent with his briefing and documents in the record in this matter.

that Nuñez was barred from raising the *Bashaw* error for the first time on appeal. *State v. Guzman Nuñez*, 160 Wn. App. 150, 153, 165, 248 P.3d 103 (2011).

*State v. Ryan*

¶4 George Ryan was convicted of second degree assault and felony harassment after he threatened to kill his ex-girlfriend with a knife. The State alleged two aggravating circumstances: (1) the offenses involved domestic violence with a pattern of abuse and (2) that Ryan committed felony harassment while armed with a deadly weapon. The trial court provided special verdict forms for the aggravating circumstances and gave a jury instruction identical to the instruction in *Nuñez*, quoted *supra*. Ryan did not object to this instruction.

¶5 The jury answered "yes" to the special verdict forms, and the trial court imposed exceptional sentences on both counts. Division One affirmed Ryan's convictions but vacated the exceptional sentence because the trial court failed to give a nonunanimity instruction under *Bashaw*. *State v. Ryan*, 160 Wn. App. 944, 950, 252 P.3d 895 (2011). We accepted review and consolidated the two cases. 172 Wn.2d 1004, 258 P.3d 676 (2011).

## ANALYSIS

¶6 " 'Fixing of penalties or punishments for criminal offenses is a legislative function . . . .' " *State v. Ammons*, 105 Wn.2d 175, 180, 713 P.2d 719, 718 P.2d 796 (1986) (quoting *State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937)). Our legislature has enacted factors that can increase a sentence beyond the standard range in a number of different statutes. Some can be found in the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *E.g.*, RCW 9.94A-.535(3) (listing a variety of aggravating circumstances to be considered by a jury); RCW 9.94A.533(3) (possession of a firearm during commission of the crime). Others are found

in the provisions for criminal procedure. RCW 10.95.020 (aggravating circumstances supporting a conviction for aggravated first degree murder). Still others are found outside the criminal code entirely. RCW 69.50.435(1)(c) (committing a drug crime within 1,000 feet of a school bus stop).

¶7 Regardless of the statutory source of the aggravator, the jury must unanimously find beyond a reasonable doubt any aggravating circumstance that increases the penalty for a crime. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 313-14, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). In *Bashaw*, we held that unanimity was not required to *reject* an aggravating circumstance. 169 Wn.2d at 146.

I. *Bashaw*'s reliance on *Goldberg*

¶8 In *Bashaw*, we based our adoption of the nonunanimity rule entirely on *Goldberg*, 149 Wn.2d 888. We now perceive problems with *Goldberg*'s nonunanimity rule, conclude that the rule was erroneously applied in *Goldberg*, and reexamine our application of the rule in *Bashaw*.

¶9 In *Goldberg*, the jury considered an aggravating circumstance under RCW 10.95.020 that would allow a sentence of life in prison without the possibility of release or parole. 149 Wn.2d at 893. The jury was instructed that it must be unanimous to find an aggravating circumstance and that if it had a reasonable doubt it must reject the aggravator by answering the special verdict form "no." *Id.* The jury answered "no" on the special verdict form, but a poll of the jury revealed that only three jurors had voted "no." *Id.* at 891. The trial court instructed the jury to continue deliberations to attempt to reach a unanimous verdict. *Id.* We held that the trial court erred by sending the jury back to continue deliberating on the aggravating factors because unanimity is not required to reject an aggravating circumstance. *Id.* at 894.

¶10 In *Bashaw*, we extended that rule to the school bus zone aggravating circumstance—identical to the aggravator before us now in *Nuñez*. 169 Wn.2d at 145. We stated that "[a] nonunanimous jury decision is a final determination that the State has not proved the special finding beyond a reasonable doubt" and held that the nonunanimity rule served policy considerations of judicial economy and finality. *Id.* at 146-47. We based our decision on common law rather than constitutional grounds. *Id.* at 146 n.7.

¶11 In these consolidated cases, the State asks that we revisit *Goldberg* and *Bashaw* and reject the nonunanimity rule. We require " 'a clear showing that an established rule is incorrect and harmful before it is abandoned.' " *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 147, 94 P.3d 930 (2004) (quoting *In re Rights to Waters of Stranger Creek*, 77 Wn.2d 649, 653, 466 P.2d 508 (1970)).

¶12 We now conclude that *Goldberg*'s nonunanimity rule is incorrect for two reasons: (1) the authority on which it relies does not support it and (2) it conflicts with our precedent.

¶13 First, *Goldberg* relies on CrR 6.16(a)(3) to support the proposition that the trial court cannot instruct the jury to continue deliberations when it cannot unanimously answer "yes" or "no" to a special finding for an aggravating circumstance. 149 Wn.2d at 894. But CrR 6.16(a)(3)[3] states:

> When a verdict *or special finding* is returned and before it is recorded, the jury shall be polled . . . . If at the conclusion of the poll, all of the jurors do not concur, the jury may be directed to retire for further deliberations . . . .

(Emphasis added.) Nothing in the rule states a different standard for special findings on aggravating circumstances. Therefore, the rule does not support our holding in *Goldberg*.

---

[3] Although CrR 6.16 has been amended since we decided *Goldberg*, the relevant language remains the same.

¶14 Second, the nonunanimity rule applied in *Goldberg* conflicts with our precedent. In *State v. Brett*, we approved jury instructions that required unanimity to reject an aggravating factor for aggravated first degree murder. 126 Wn.2d 136, 173-74, 892 P.2d 29 (1995). In *Brett*, as in *Goldberg*, the defendant was charged with aggravated first degree murder under RCW 10.95.020. *Brett*, 126 Wn.2d at 154. The jury was instructed to answer a special verdict form regarding aggravating circumstances only if it found that the defendant had committed first degree murder. *Id.* at 173. In that instance, the jury was further instructed:

> "The State has the burden to prove beyond a reasonable doubt, as previously defined, one or more of the above-listed aggravating circumstances. . . . You must unanimously agree upon which, if any, of the aggravating circumstances set forth before has been proved beyond a reasonable doubt. You will be provided with a Special Verdict Form 'B' for each aggravating circumstance in which you answer 'yes' or 'no' according to the decision you reach.
>
> "If, after fully and fairly considering all of the evidence or lack of evidence you are not able to reach a unanimous decision as to any element of any one of the aggravating circumstances, *do not fill in the blank for that alternative.*"

*Id.* (quoting instruction). Brett argued that this instruction jeopardized the requirement of jury unanimity on each alternative aggravating circumstance. *Id.* at 172. We held that there was no error *because* the jury was told not to fill in the blank if it could not agree. *Id.* at 173. Thus our statement in *Goldberg* that unanimity is not required to answer "no" on a special verdict form for an aggravating circumstance under RCW 10.95.020 conflicted with existing precedent.

¶15 Accordingly, we hold that *Goldberg*'s adoption of the nonunanimity rule for special verdicts in aggravated murder cases was incorrect.

## II. The nonunanimity rule, *Ryan*, and *Nuñez*

¶16 In *Bashaw*, we relied solely on *Goldberg* for the rule that a jury need not be unanimous to reject an aggravating circumstance. The aggravating circumstance in *Bashaw* arose under the Uniform Controlled Substances Act, chapter 69.50 RCW, rather than the list of aggravating circumstances in the SRA. Consequently, we did not have occasion in *Bashaw* to consider how the nonunanimity rule would apply to SRA aggravating circumstances.

¶17 The SRA requires unanimity for any verdict on the aggravating circumstances listed in the act, providing:

> The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.

RCW 9.94A.537(3). This provision does not distinguish between a yes or no verdict on the aggravating factor in the unanimity requirement. The State argues that the legislature intended complete unanimity to impose or reject an aggravator. We agree. Had the legislature intended to allow a jury to reject an aggravating circumstance by a nonunanimous verdict, it could have made the distinction. Because the legislature has authority to determine sentences, *see Ammons*, 105 Wn.2d at 179-80, the nonunanimity rule cannot apply to aggravating circumstances found in the SRA. The aggravating circumstance in *Ryan* arose under the SRA. Accordingly, the nonunanimity rule cannot apply in Ryan's case.

¶18 Turning from *Ryan* to *Nuñez*, the aggravating circumstance in *Nuñez* is identical to the aggravating circumstance in *Bashaw*. The nonunanimity rule was incorrectly applied to aggravated murder in *Goldberg* and cannot be applied to aggravating circumstances under the SRA. It

would create unnecessary confusion to apply the rule to the aggravating circumstance in *Bashaw* and *Nuñez*.

¶19 The legislature said nothing about jury unanimity in the statute that provides for the school bus zone enhancement at issue in *Bashaw* and here in *Nuñez*. *See* RCW 69.50.435. Nonetheless, it makes little sense to require unanimity to reject a firearm aggravator or an aggravating circumstance for aggravated first degree murder, but not to reject the school bus zone sentence enhancement—especially if both types of aggravating circumstances were to arise in the same case. Accordingly, we hold that the nonunanimity rule from *Goldberg* does not apply to the aggravating circumstance in *Bashaw* and, by extension, *Nuñez*.

III. Harmful consequences of extending the nonunanimity rule

¶20 The nonunanimity rule is harmful because it creates unnecessary confusion for trial courts and juries, because it does not serve the policy considerations that gave rise to it, and because it undermines the purposes of jury unanimity.

*a. Adherence to the nonunanimity rule causes confusion*

¶21 A nonunanimity instruction would be confusing in any criminal case because it conflicts with the general instruction requiring unanimity. Trial courts almost invariably give a basic concluding instruction requiring unanimity: "Because this is a criminal case, each of you must agree to return a verdict." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 151.00 (3d ed. 2008) (WPIC). Before *Bashaw*, a pattern instruction also required unanimity to answer the aggravating circumstances special verdict. WPIC 160.00. This is consistent with the more general WPIC 151.00 and emphasizes the importance of jury unanimity in criminal cases.

¶22 However, in 2011, the pattern instruction was amended to reflect our holding in *Bashaw*:

> In order to answer the special verdict form[s] "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously agree that the answer to the question is "no," or if after full and fair consideration of the evidence you are not in agreement as to the answer, you must fill in the blank with the answer "no."

WPIC 160.00 (Supp. 2011). It is potentially confusing for a jury to be told in general that it must be unanimous to render a verdict but that it *must* answer no if it cannot agree on a special verdict form, despite not being unanimous.

### b. The nonunanimity rule does not serve the policies for which it was adopted

¶23 In *Bashaw*, we adopted the nonunanimity rule in order to serve the "core concerns" of judicial economy and finality. *See* 169 Wn.2d at 146 (noting (1) the "heavy toll on both society and defendants" caused by second trial, even if limited to the aggravating circumstances and (2) the defendant's valued right to have the charges resolved by a particular tribunal). The rule would only serve judicial economy and finality if it prevented retrial on the aggravating circumstances alone. But the rule will not prevent retrial on many aggravating circumstances because we have said that double jeopardy does not apply to aggravating circumstances outside the death penalty context.

¶24 Both the United States and Washington Constitutions prohibit successive prosecutions for an offense on which the defendant has been acquitted.[4] But proving the elements of an offense is different from proving an aggravating circumstance. The Supreme Court has held that the

---

[4] U.S. Const. amend. V; Wash. Const. art. I, § 9; *see Bullington v. Missouri*, 451 U.S. 430, 437, 101 S. Ct. 1852, 68 L. Ed. 2d 270 (1981) ("It is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been *acquitted* of the crime charged."). Washington's double jeopardy clause is coextensive with the federal double jeopardy clause, and we follow the United States Supreme Court's interpretation of the Fifth Amendment. *State v. Eggleston*, 164 Wn.2d 61, 70, 187 P.3d 233 (2008).

prosecution's admitted failure to prove an aggravating circumstance beyond a reasonable doubt does not preclude retrial of that allegation at a new sentencing proceeding, except in the context of death penalty cases.[5] Accordingly, whether a jury unanimously rejected an aggravating circumstance has no bearing on whether the factor may be retried outside of the death penalty context. The nonunanimity rule would therefore not preclude retrial of a non-death-penalty aggravator.

c. *The nonunanimity rule subverts the jury's duty to deliberate carefully and consider one another's opinions*

¶25  A rule that allows a jury to give a definite answer on a special verdict form when the jurors are not in agreement frustrates one of the core purposes of jury unanimity, which is to promote the jurors' full discussion and well-considered determinations before returning a verdict. *See Jones v. United States*, 527 U.S. 373, 382, 119 S. Ct. 2090, 144 L. Ed. 2d 370 (1990); *State v. Cross*, 156 Wn.2d 580, 616, 132 P.3d 80 (2006) ("We want juries to deliberate, not merely vote their initial impulses and move on."). Requiring that a jury give a definitive "no" answer when its members cannot agree frustrates this purpose. A "no" answer on a special verdict form would not necessarily reflect the jury's considered judgment but could very well be the result of an unwillingness to fully explore the reasons for any disagreement.

¶26  Because the nonunanimity rule is both incorrect and harmful, we overrule *Goldberg* and the portion of *Bashaw* adopting the nonunanimity rule for aggravating circumstances. *See Riehl*, 152 Wn.2d at 147. We are not called upon

---

[5] *Monge v. California*, 524 U.S. 721, 730, 734, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998) (citing *Bullington*, 451 U.S. 430, as a " 'narrow exception' " in the death penalty context to the general rule that determinations relating to sentencing do not give rise to double jeopardy concerns). Likewise, in *Eggleston*, we held that double jeopardy did not prevent the defendant's retrial on an aggravating factor because he was not facing the death penalty in his third trial. 164 Wn.2d at 71.

in these cases to develop a rule that would better serve both the purposes of jury unanimity and the policies of judicial economy and finality. We do note, however, that the instruction given in *Brett*, requiring a jury to leave a special verdict form blank if it could not agree, is a more accurate statement of the State's burden and better serves the purposes of jury unanimity. *See* 126 Wn.2d at 173. For these reasons, we endorse the *Brett* instruction going forward.

## CONCLUSION

¶27 The " 'very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves.' " *Jones*, 527 U.S. at 382 (quoting *Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 41 L. Ed. 528 (1896)). Not only does the jury instruction rule from *Bashaw* ignore this objective, it conflicts with other authority, causes unnecessary confusion, does not fulfill the policies that prompted the rule, and undermines the purpose of jury unanimity. Therefore, the nonunanimity rule is overruled. The jury instructions challenged by Nuñez and Ryan were correct. Accordingly, we affirm Nuñez's sentence and reverse the Court of Appeals in *Ryan* and remand both cases for further proceedings consistent with this opinion.

MADSEN, C.J., and C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and GONZÁLEZ, JJ., concur.