IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29238-0-III |
| | ) | |
| Respondent and | ) | |
| Cross Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ARMONDO HERNANDEZ | ) | |
| GONZALEZ, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Armondo Hernandez Gonzalez appeals his convictions for the crimes of second degree murder, first degree assault, and second degree unlawful possession of a firearm. He contends the trial court erred by failing to excuse a juror who expressed fears of retaliation. He also contends that firearm enhancements imposed at sentencing should be vacated because the jury was incorrectly instructed that a unanimous decision was needed to answer "no" on the special verdict forms.

The trial court properly retained the juror after reviewing whether the juror could be impartial. And the challenge to the special verdict instruction on unanimity is without merit. Therefore, we affirm the convictions and sentence.

FACTS

The facts of this case are not disputed. On November 10, 2008, Mr. Gonzalez shot and killed rival gang member, Eric Vargas. He also shot and wounded Antonio Carrasco. The State charged Mr. Gonzalez with second degree murder, first degree assault, and second degree unlawful possession of a firearm. The case proceeded to trial.

In the middle of trial, one of the jurors indicated he might have an issue serving on the jury:

> THE COURT: . . . I'm advised by the bailiff that you have expressed some concern about retaliation; is that right?
> JUROR NUMBER 4: Well, just concerned for, you know, why my name is said out loud and, you know.
> THE COURT: Well, let me—
> JUROR NUMBER 4: Safety issues—
> THE COURT: Yeah.
> JUROR NUMBER 4: —that kind of thing.
> THE COURT: Let me just talk to you a little bit here.
> JUROR NUMBER 4: Yeah.
> THE COURT: Your name was said out loud because I address members of the jury that way, instead of juror number whenever I can.
> No one has your address; no one has your telephone number. . . . So the only thing that's a matter of public record is your name.
> This is a public proceeding; criminal trials are public proceedings. Anybody can come in and listen.
> Another concern I'm advised is that you were concerned about who's in the gallery. The gallery consists primarily of members of the Vargas family, the deceased boy.
> JUROR NUMBER 4: Uh-huh.
> THE COURT: I'm advised that no one else has been here. . . . Does that help in any way with respect to your concerns?

JUROR NUMBER 4: To be honest, no.
THE COURT: Okay. You want—
JUROR NUMBER 4: What bothers me is—is, you know, not much—not necessarily what's happening here, but it could be anywhere. You know what I'm saying? I thought it was gonna be more anonymous than—
THE COURT: There's nothing—
JUROR NUMBER 4: —it is.
THE COURT: —anonymous about a criminal trial.
JUROR NUMBER 4: Well —

Report of Proceedings (RP) at 596-98.

The judge additionally informed the juror that in his many decades of legal practice, he had never heard of a single instance of jury retaliation. The judge then told the juror, "I'm not going to excuse you . . . you took an oath when you stood up and raised your right hand. I expect you to abide by that oath. . . . Okay?" RP at 599. The juror responded, "Okay." RP at 599.

Defense counsel asked the court to dismiss the juror, pointing out that the juror's fear for his personal safety "may affect the neutrality of his judgment." RP at 599-600. The court retained the juror.

At the close of trial, the court instructed the jury:

3

Because this is a criminal case, all twelve of you must agree in order to answer the special verdict forms. In order to answer the special verdict forms "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously have a reasonable doubt as to this question, you must answer "no." If you cannot agree on a verdict, do not fill in the blank provided in the special verdict form.

Clerk's Papers (CP) at 164-65 (Instruction 39).

The jury found Mr. Gonzalez guilty as charged and returned special verdicts finding the aggravating factor that Mr. Gonzalez committed the murder and assault charges while armed with a firearm.

At sentencing, defense counsel asked the court to withdraw the special verdicts, pointing out that *Bashaw*[1] had come out two days after the verdicts were entered and that under *Bashaw*, the court had erred in instructing the jury that it had to be unanimous to answer "no" to the special verdict question. The court denied the request, finding the jury had been unanimous regarding the special verdicts. Mr. Gonzalez appeals. The State cross appeals.

## ANALYSIS

*Impartial Juror.* Mr. Gonzalez first contends that he was denied his constitutional right to a fair and impartial jury as a result of the trial court's failure to excuse juror 4. He

---

[1] *State v. Bashaw*, 169 Wn.2d 133, 234 P.3d 195 (2010), *overruled by State v. Guzman Nunez*, 174 Wn.2d 707, 285 P.3d 21 (2012).

contends the juror's fear of retaliation potentially affected his ability to remain impartial and that the court should have questioned the juror in more detail about his concerns.

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution, a defendant is guaranteed the right to a fair and impartial jury. *State v. Latham*, 100 Wn.2d 59, 62-63, 667 P.2d 56 (1983). The right to an impartial jury is also protected by RCW 2.36.110 and CrR 6.5, which place the trial court under a continuous obligation to excuse any juror who is unfit and unable to perform the duties of a juror. *State v. Jorden*, 103 Wn. App. 221, 226-27, 11 P.3d 866 (2000). RCW 2.36.110 specifically mandates that a judge excuse any juror who is unfit due to "bias, prejudice, indifference, inattention or any physical or mental defect or by reason of conduct or practices incompatible with proper and efficient jury service." CrR 6.5 states, in part, "[i]f at any time before submission of the case to the jury a juror is found unable to perform the duties the court shall order the juror discharged."

Because the trial judge is in the best position to determine a juror's ability to serve impartially, we review a court's decision whether to excuse a juror for an abuse of discretion. *State v. Elmore*, 155 Wn.2d 758, 768-69, 123 P.3d 72 (2005); *State v. Rupe*, 108 Wn.2d 734, 748, 743 P.2d 210 (1987). "The trial judge is able to observe the juror's demeanor and, in light of that observation, to interpret and evaluate the juror's answers to

determine whether the juror would be fair and impartial." *Rupe*, 108 Wn.2d at 749. A trial court abuses its discretion when it issues an order that is manifestly unreasonable or based on untenable grounds. *State v. Depaz*, 165 Wn.2d 842, 858, 204 P.3d 217 (2009) (quoting *State v. Quismundo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008)).

Mr. Gonzalez does not allege juror misconduct, but contends that the court erred by failing to excuse the juror without establishing the extent of the juror's fear of retaliation. He argues that "Juror 4, based upon his fears, was no longer a fair and impartial juror" and that in view of the court's limited inquiry, we can only speculate how the juror's fear may have impacted the deliberative process. Br. of Appellant at 10. Citing *Rupe*, Mr. Gonzalez argues that the court's minimization of the juror's concerns violated due process standards and constituted an abuse of the trial court's discretion.

In *Rupe*, the defendant argued that the trial court denied his right to a fair and impartial jury by refusing to excuse jurors he believed were predisposed to invoke the death penalty. *Rupe*, 108 Wn.2d at 748. Our Supreme Court reviewed the voir dire of the jurors at issue, concluded their responses were equivocal, and held that a trial court is not required to excuse a juror who has preconceived ideas if the juror can put his concerns aside to decide the case on the evidence and apply the law provided by the court. *Id.* at 748-49.

6

Here, nothing in the record indicates that the juror at issue was unable to make a decision based on the law and facts of the case. As *Rupe* indicates, one of the fundamental concerns in these cases is whether a juror's ability to fairly deliberate has been compromised. *Id.* Admittedly, the juror here cited safety issues and concerns about the lack of anonymity, but nothing in the court's colloquy with the juror established that he would not be able to fairly deliberate. In fact, at the end of the court's questioning, the juror affirmed that he would be able to follow his oath to evaluate the case according to the evidence and the court's instructions. Furthermore, the jurors were instructed:

> You must not let your emotions overcome your rational thought process. You must reach your decision based on the facts proved to you and on the law given to you, not on sympathy, prejudice, or personal preference. To assure that all parties received a fair trial, you must act impartially with an earnest desire to reach a proper verdict.

CP at 124 (Instruction 1).

Jurors are presumed to follow instructions. *State v. Johnson*, 124 Wn.2d 57, 77, 873 P.2d 514 (1994). Significantly, the juror did not raise additional concerns during the remainder of the trial or indicate that he could not be impartial or follow the court's instructions. The record indicates that the juror was able to participate in jury deliberations without issue.

7

In sum, the court was able to observe the juror's demeanor during questioning and found nothing to suggest that he had preconceived ideas as to Mr. Gonzalez's guilt, that his concerns would affect the deliberative process, or that he had any other issues incompatible with proper jury service. Accordingly, the court's decision to retain the juror was well within its broad discretion.

*Special Verdict Instructions.* Citing *Bashaw*, Mr. Gonzalez contends that the trial court improperly instructed the jury that a unanimous decision was needed to answer "no" on the special verdict forms. He, therefore, asks this court to remand for resentencing without the firearm enhancements.

We review alleged errors of law in jury instructions de novo. *Boeing Co. v. Key*, 101 Wn. App. 629, 632, 5 P.3d 16 (2000). Failure to timely object usually waives the issue on appeal, including issues regarding instructional errors. RAP 2.5(a); *State v. Williams*, 159 Wn. App. 298, 312-13, 244 P.3d 1018, *review denied*, 171 Wn.2d 1025 (2011). This court has held that a trial court's failure to instruct a jury that it must be unanimous to acquit a defendant of an aggravating factor is not an issue of constitutional magnitude. *State v. Guzman Nunez*, 160 Wn. App. 150, 159, 162-63, 248 P.3d 103 (2011), *aff'd in part*, 174 Wn.2d 707, 285 P.3d 21 (2012).

Mr. Gonzalez did not object to the unanimity instruction and, therefore, waives the

right to raise the issue on appeal. Nevertheless, his challenge to the jury instruction fails because it relies on the special verdict instruction given in *Bashaw* and later rejected in *Guzman Nunez*.

Prior to the Washington State Supreme Court's recent decision in *Guzman Nunez*, the court in *Bashaw* recognized the nonunanimity rule developed in *State v. Goldberg*, 149 Wn.2d 888, 72 P.3d 1083 (2003) that "a unanimous jury decision is not required to find that the State has failed to prove the presence of a special finding increasing the defendant's . . . sentence." *Bashaw*, 169 Wn.2d at 146. However, in *Guzman Nunez*, our Supreme Court reconsidered and overruled the nonunanimity rule in *Bashaw*, concluding that such a rule "conflicts with statutory authority, causes needless confusion, does not serve the policies that gave rise to it, and frustrates the purpose of jury unanimity." *Guzman Nunez*, 174 Wn.2d at 709-10. In reaching this decision, the court noted that for SRA[2] aggravating circumstances, the legislature "intended complete unanimity to impose or reject an aggravator." *Id.* at 715.

Because the court did not err in giving its firearm enhancement instruction, we reject Mr. Gonzalez's request to remand for resentencing without the enhancements.

Because we affirm Mr. Gonzalez's convictions and sentence, we need not address

---

[2] Sentencing Reform Act of 1981, chapter 9.94A RCW.

No. 29238-0-III
*State v. Gonzalez*

the State's argument on cross appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____    _____
Brown, J.                                 Korsmo, C.J.

10