IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 28835-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY D. SINGH, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

SIDDOWAY, A.C.J. — Anthony Singh relies on the Washington Supreme Court's

decision in *State v. Bashaw*, 169 Wn.2d 133, 234 P.3d 195 (2010)[1] to challenge an

exceptional sentence and firearm enhancements imposed for an armed assault he

committed in July 2008. Given the decisions of this court and the Supreme Court in *State*

*v. Guzman Nuñez*, 160 Wn. App. 150, 248 P.3d 103 (2011), *aff'd*, 174 Wn.2d 707, 285

P.3d 21 (2012), his arguments fail. We affirm his convictions but, having determined

that the sentence imposed by the trial court fails to accomplish its stated objective and

could create future confusion, we reverse the sentence and remand for consideration and

entry of a corrected sentence.

---

[1] *Overruled by State v. Guzman Nuñez*, 174 Wn.2d 707, 285 P.3d 21 (2012).

FACTS AND PROCEDURAL BACKGROUND

In July 2008, Anthony Singh and his brother became involved in an early morning altercation with Alasaga Tauala in downtown Spokane. As the men argued, Mr. Singh, already a convicted felon prohibited from possessing a firearm, accepted a handgun offered him by his brother and fired it at Mr. Tauala's feet. The bullet hit Mr. Tauala's right shoe but did not injure him. Later that day, Mr. Singh contacted a woman who had ridden with him and his brother the night before and was present at the shooting. He told her not to discuss the shooting with anyone. She felt threatened by the conversation.

Mr. Singh was charged with second degree assault with a deadly weapon (count I), drive-by shooting (count II), first degree unlawful possession of a firearm (count III), conspiracy to commit second degree assault (count IV), intimidating a witness (count V), and tampering with a witness (count VI). The State alleged that he had been armed with a firearm in committing the offenses charged in counts I and IV.

In connection with the potential firearm sentencing enhancements, the jury was given special verdict forms to answer in the event it found Mr. Singh guilty of assault or conspiracy to commit assault. It was instructed that when answering the special verdict forms, which asked whether Mr. Singh had been armed with a firearm in committing the offense, "If you unanimously have a reasonable doubt as to this question, you must answer 'no.'" Clerk's Papers (CP) at 648. No objection was made to these instructions.

2

Mr. Singh was convicted on all counts except count V. The jury answered "yes" to the two special verdict forms.

In sentencing Mr. Singh, the court determined that he had an offender score of 9 or higher; the duration of his firearm enhancements must be doubled because he had earlier served sentences enhanced based on a finding he had been armed with a firearm, requiring the court to impose six years for the enhancement on count I and three years for the enhancement on count IV; counts I, II, and III should be treated as the same criminal conduct for offender score purposes and should run concurrently to one another; and counts IV and VI amounted to separate conduct and should run concurrently to one another.

The court granted the State's request for exceptional consecutive sentencing, with the latter two counts running consecutively to the first three. The State had argued that the 9 years that must be served on the consecutive firearm enhancements would consume all but 1 year of the maximum 10-year sentence that the court could impose on the most serious (class B) felonies, leaving some of Mr. Singh's offenses effectively unpunished. According to the judgment and sentence, the total amount of confinement imposed was 171 months. Mr. Singh appeals.

## ANALYSIS

Mr. Singh challenges the trial court's imposition of the firearm enhancements and its imposition of an exceptional sentence upward. We address the challenges in turn.

3

I

In his opening brief filed before this court's opinion in *Guzman Nuñez*, Mr. Singh argued that in light of *Bashaw*, the firearm sentencing enhancements must be vacated because the jury was incorrectly instructed that it had to be unanimous to answer "no" to the special verdict forms. Under *Bashaw*, the instruction given was an incorrect statement of law. 169 Wn.2d at 147 (holding that juror unanimity "is not required to find the *absence* of such a special finding").

This court's decision in *Guzman Nuñez* was filed in February 2011, during the course of the parties' briefing of this appeal. In *Guzman Nuñez*, we held that a trial court's incorrect instruction requiring unanimity to answer "no" to a special verdict form addressing an aggravating factor was not manifest constitutional error and could not be raised for the first time on appeal. 160 Wn. App. at 159-64. Mr. Singh did not object at trial to the instruction he challenges in this appeal. In addressing our decision in *Guzman Nuñez* in his reply brief, Mr. Singh argued that we were wrong in finding no manifest constitutional error (a panel from Division One had by then held otherwise in *State v. Ryan*, 160 Wn. App. 944, 252 P.3d 895 (2011), *rev'd*, 174 Wn.2d 707) and, alternatively, that he could raise the matter for the first time on appeal as a sentencing error—that is, the trial court erroneously enhanced his sentence on the basis of the jury's response to a flawed verdict form.

The Washington Supreme Court's decision in *Guzman Nuñez*, 174 Wn.2d 707 was filed after the parties completed their briefing. In *Guzman Nuñez*, the Supreme Court overruled the nonunanimity rule for aggravating circumstances it had expressed in *Bashaw* and, before that, in *State v. Goldberg*, 149 Wn.2d 888, 72 P.3d 1083 (2003). It upheld the giving of instructions requiring unanimity for either "yes" or "no" special verdict answers. In light of the Supreme Court's overruling of *Bashaw*, both of Mr. Singh's arguments challenging the jury instruction and the resulting sentence enhancements fail.

II

Mr. Singh also challenges the exceptional consecutive sentence imposed by the trial court.

In reviewing an exceptional sentence, we may reverse if we find, "(a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4). We review de novo whether the reasons supplied by the sentencing court justify an exceptional sentence. *State v. Hale*, 146 Wn. App. 299, 308, 189 P.3d 829 (2008). Here, the State requested and the trial court imposed an exceptional sentence upward based on RCW 9.94A.535(2)(c), which permits the trial court to impose such a sentence when "[t]he defendant has committed multiple

5

current offenses and the defendant's high offender score results in some of the current offenses going unpunished." The State and trial court believed that the firearm enhancements would substitute for 9 years of the maximum 10-year sentence on Mr. Singh's class B felonies,[2] meaning that unless the court imposed an exceptional consecutive sentence, Mr. Singh would serve only 12 months for the underlying crimes.

Mr. Singh's briefs challenge the exceptional sentence based on his assumption that we would reverse the firearm enhancements in light of *Bashaw*. He argues that without valid firearm enhancements, the trial court's only reason for imposing the exceptional sentence disappears. Of course, with that as Mr. Singh's only argument, and with the firearm enhancements having proved valid, his only reason for challenging the exceptional sentence disappears.

While that would ordinarily dispose of the appeal, in the course of our de novo review of the exceptional sentence we can see that the sentence imposed did not accomplish the trial court's stated objective and that some provisions of the judgment and sentence may be a source of future confusion.

The State and the trial court were correct that the firearm enhancements must run "consecutively to all other sentencing provisions, including other firearm . . .

---

[2] Second degree assault with a deadly weapon, drive-by shooting, first degree unlawful possession of a firearm, and intimidating a witness are all class B felonies subject to a maximum 10-year sentence. RCW 9A.36.021(2)(a), .045(3); RCW 9.41.040(1)(b); RCW 9A.72.110(4); RCW 9A.20.021(1)(b).

6

enhancements, for all offenses sentenced under [chapter 9.94A RCW]." RCW

9.94A.533(3)(e). They were also correct that the total sentence for a given offense,

including enhancements to the sentence for that offense, cannot exceed the statutory

maximum—meaning, e.g., that the court could not impose more than 48 months for the

second degree assault (count I) in light of the 6-year firearm enhancement and 10-year

maximum sentence. RCW 9.94A.533(3)(g); *State v. DeSantiago*, 149 Wn.2d 402, 421,

68 P.3d 1065 (2003) (the presumption that the total sentence, including firearm and

deadly weapon enhancements, cannot exceed the statutory maximum ensures that

enhancements will not "absurdly extend sentences," citing subsections (g) of former

RCW 9.94A.510(3) and (4) (1998)). But they failed to consider that sentences imposed

by the trial court for other offenses not subject to firearm enhancements are not reduced

for the enhancements and extend the total period of incarceration.

Accordingly, while the State proposed the exceptional consecutive sentence

believing that it would result in a total period of incarceration of 171 months, the terms

imposed on each count and the court's order as to whether they are to run consecutively

or concurrently result in 246 months of total confinement—because, pursuant to RCW

9.94A.533(3)(g), the firearm enhancements cannot run concurrently with any other

offense regardless of whether an enhancement was imposed on account of that offense or

not. The following sentencing timeline illustrates the operation of the exceptional

consecutive sentence imposed by the court:

| Concurrent sentences | Consecutive sentences | Firearm enhancements (FA) | |
|---|---|---|---|
| I: 12 months | IV: 24 months | FA: 72 months | FA: 36 months |
| II: 87 months | VI: 51 months | | |
| III: 87 months | | | |

In fact, given the standard range of 87 months to 116 months for counts II and III in light of Mr. Singh's offender score, reversal of the exceptional consecutive sentence on counts IV and VI is not enough to reduce his period of confinement to the 171-month total contemplated by the trial court. The total sentence, applying the low end of the standard range, amounts to 195 months, as illustrated by the following sentencing timeline:

| Concurrent sentences | Firearm enhancements (FA) | |
|---|---|---|
| I: 12 months | FA: 72 months | FA: 36 months |
| II: 87 months | | |
| III: 87 months | | |
| IV: 24 months | | |
| VI: 51 months | | |

The only way to achieve a 171-month period of incarceration is with an exceptional sentence downward, reducing the sentences for counts II and III below the standard range.

8

The trial court's judgment and sentence states that the "[a]ctual number of months of total confinement ordered is 171 months." CP at 866. That absolute limitation treats the sentence terms for counts II, III, and VI as being partially consumed by the firearm enhancements. Despite that intention on the part of the trial court, the Department of Corrections may construe the judgment and sentence as ordering the 246 months of confinement that follows from some of its other provisions.

Therefore, while finding none of the errors assigned by Mr. Singh, we reverse the exceptional sentence and remand to the trial court for resentencing.

We affirm the convictions and reverse and remand the sentence for proceedings consistent with this opinion.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

9