IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29545-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TIMOTHY LUCIOUS, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Timothy Lucious appeals his convictions for drive-by shooting

and six counts of second degree assault while armed with a firearm, arguing that the

evidence did not support both alternative theories of assault in each count. We disagree

with his arguments and affirm the convictions and his persistent offender sentence.

FACTS

This case involves the shooting of a group of women in a car on Spokane's lower

South Hill. Mr. Lucious and another man, identified as "Mike Mike"[1] by one of the

victims, approached a car containing the women from different sides. Mr. Lucious fired

---

[1] He was identified as Michael Gardner.

at least five shots into the car, seriously wounding two of the occupants. A third

occupant was knocked unconscious by Michael Gardner; the other three women did not

receive any physical injuries.

Alternative charges of attempted first degree murder and first degree assault were

filed for each of the six women. The case proceeded to jury trial. The court also

instructed the jury on the lesser degree offense of second degree assault for each of the

first degree assaults. The jury ultimately found the defendant guilty of drive-by shooting

and six counts of second degree assault.[2] The jury also unanimously concluded that Mr.

Lucious was armed with a firearm on each of the assault charges.

After finding that Mr. Lucious had previously been convicted of second degree

assault and riot while armed with a deadly weapon, the court sentenced him to life in

prison as a persistent offender.[3] He then timely appealed to this court.

## ANALYSIS

Mr. Lucious argues that four of the assault convictions should be overturned due

to insufficient evidence supporting one of the alternative means of committing the

offense, the jury's special verdict instructions erroneously required unanimity, and the

---

[2] The jury apparently could not agree on the greater charges and left all of those verdict forms blank.

[3] Those offenses were among Mr. Lucious's 10 prior adult felony convictions.

No. 29545-1-III
State v. Lucious

persistent offender sentencing statute runs afoul of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). We will address those three contentions in that order.

*Sufficiency of Alternative Means*

The jury was instructed upon two different theories of second degree assault: the victims were assaulted with a deadly weapon or they were intentionally assaulted and had substantial bodily harm inflicted upon them. Clerk's Papers (CP) at 100-05. Since four of the assault victims were not struck by any bullets, Mr. Lucious argues that the evidence did not support instruction on the substantial bodily harm theory of assault.[4] Noting that a third victim was knocked unconscious by Mr. Gardner, the State contends that there are only three counts subject to the instructional error, but argues that the error was harmless in light of the special verdicts.

When a jury is instructed on alternate means of committing a crime, the jury is not required to be unanimous on which alternative was established if each alternate means was supported by substantial evidence. *State v. Kitchen*, 110 Wn.2d 403, 410, 756 P.2d 105 (1988). However, if one of the means is not supported by substantial evidence, the verdict must be overturned unless this court "can determine that the verdict was founded

---

[4] Appellant agrees that the evidence supported the deadly weapon alternative. Brief of Appellant at 7.

upon one of the methods with regard to which substantial evidence was introduced."
*State v. Bland*, 71 Wn. App. 345, 354, 860 P.2d 1046 (1993).

The State argues, in the spirit of *Bland*, that the jury's unanimous finding that each of the assaults was committed with a firearm satisfies any concerns about jury unanimity. We agree. To return the special verdict, each juror was required to agree that a firearm was used in the commission of the offense. CP at 114. The gun was the sole deadly weapon used in the assault. By unanimously agreeing that Mr. Lucious was armed with a firearm when the assaults were committed, the jury also had to unanimously agree that each victim was assaulted with a deadly weapon.

Thus, we are convinced that the jury could have convicted Mr. Lucious on the challenged counts only under the deadly weapon theory that was supported by substantial evidence. The error in instructing on the substantial bodily harm alternative was harmless in light of the special verdicts.

*Special Verdict Form*

Mr. Lucious next reprises an argument that the special verdict form erroneously required the jury to act unanimously. This argument has been repeatedly rejected on several different grounds.

Where, as here, the defendant did not object to the special verdict form, this court has concluded that the issue cannot be presented initially on appeal because it does not

4

implicate a constitutional concern subject to review under RAP 2.5(a). *State v. Guzman Nunez*, 160 Wn. App. 150, 159, 162-63, 248 P.3d 103 (2011), *aff'd in part*, 174 Wn.2d 707, 285 P.3d 21 (2012).

More fundamentally, the Washington Supreme Court has concluded that the special verdict form is not erroneous and has overruled the authority on which Mr. Lucious's argument is based. *See Guzman Nunez*, 174 Wn.2d at 718-19 (overruling *State v. Goldberg*, 149 Wn.2d 888, 72 P.3d 1083 (2003) and partially overruling *State v. Bashaw*, 169 Wn.2d 133, 234 P.3d 195 (2010)). The verdict forms used in this case were correct.

The trial court did not err in using the special verdict forms.

*Persistent Offender Sentencing*

Finally, Mr. Lucious argues that the trial court erroneously sentenced him to prison as a persistent offender. He contends that his prior convictions needed to be proved to a jury rather than the trial judge. Both the United States Supreme Court and the Washington Supreme Court have rejected this contention.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Blakely* maintained the *Apprendi* exception when it

5

determined that most Washington aggravating factors must be submitted to a jury. *Blakely*, 542 U.S. at 301. The Washington Supreme Court recognizes that this exception confirms that prior felony convictions used to support a persistent offender sentence do not need to be proved to a jury beyond a reasonable doubt. *State v. Wheeler*, 145 Wn.2d 116, 121, 34 P.3d 799 (2001). It earlier had also reached the same result under our state constitution. *State v. Thorne*, 129 Wn.2d 736, 782-83, 921 P.2d 514 (1996).

Recognizing this contrary authority, Mr. Lucious suggests that a majority of the United States Supreme Court is poised to change its minds about this exception. While appellate courts sometimes may try to adjudge undecided issues on the basis of an anticipated future ruling, they are not free to ignore existing law on the theory that it may change some day. Instead, we must follow existing authority until the Washington Supreme Court changes it. *E.g.*, *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

In light of the controlling authority, this court lacks the ability to grant the relief Mr. Luscious requests.

*Statement of Additional Grounds*

Mr. Lucious also filed a statement of additional grounds, the bulk of which alleges failings by trial counsel, although he also attacks the judge and the prosecutor. We have reviewed the arguments, but decline to consider most of them as many involve factual

allegations outside the record of this appeal. His remedy is to seek relief by personal restraint petition. *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

One argument that can be addressed on this record is the sufficiency of the evidence to support the drive-by shooting conviction. RCW 9A.36.045(1) defines the offense in terms of discharging a firearm "in a manner which creates a substantial risk of death or serious physical injury" from a motor vehicle or "the immediate area of a motor vehicle that was used to transport the shooter or the firearm, or both, to the scene of the discharge." Here, a witness described Mr. Luscious shooting at the victim's car and then promptly getting into a red Cadillac and departing the scene. That testimony amply supported this conviction.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, J.

7