Siddoway, C.J.
(concurring) —
¶55 I write separately to explain why I join in exercising discretion to consider Adrian Munoz-Rivera’s argument for the first time on appeal that the record does not support the trial court’s finding that he was able to pay the legal financial obligations (LFOs) imposed.
¶56 It was well settled before State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015), that we may exercise discretion to review error raised for the first time on appeal. But we ordinarily do not. Most often we follow the “general rule for appellate disposition of issues not raised in the trial court: appellate courts will not entertain them.” State v. Guzman Nunez, 160 Wn. App. 150, 157, 248 P.3d 103 (2011) (citing State v. Scott, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)), aff'd, 174 Wn.2d 707, 285 P.3d 21 (2012).
¶57 Here, however, we will be sending the case back to the trial court for correction of a scrivener’s error and to strike and narrow some of the conditions of community custody. Although Mr. Munoz-Rivera was 29 years old at the time he was sentenced, was established by trial testimony to have more than full-time employment, and may have knowingly forgone a challenge to his ability to pay at the time of sentencing, it is undisputed that the trial court did not engage in an individualized inquiry about his ability to pay before imposing discretionary LFOs. Where a criminal defendant fails to preserve a trial court’s error in failing to conduct an individualized inquiry, judicial economy will sometimes be served by reviewing that error if we will be remanding for resentencing for other reasons. This is such a case.