# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74733-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ARTHUR IDOWU THOMAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 20, 2017 |
| | ) | |

2017 NOV 20 AH 10: 17
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — The issue in this appeal is whether a trial court lacks authority to empanel a second jury solely for the purpose of considering a firearm sentence enhancement allegation when the first jury convicts the defendant of a crime but is unable to reach a unanimous verdict on the firearm allegation. We conclude the empaneling of a second jury is not unlawful.

On July 24, 2015, appellant Arthur Thomas entered a breezeway outside a Seattle bank. He was unarmed. He struck security guard Bruce Golphenee from behind and attempted to take Golphenee's firearm. Golphenee resisted. In the course of their struggle, several rounds were discharged from Golphenee's firearm. Golphenee suffered substantial bodily harm, including a fractured ankle, an amputated finger, and a gunshot wound to his abdomen, which damaged his intestines and urinary tract. Despite Golphenee's efforts, Thomas was successful in wresting away control of the firearm, at which point he placed the barrel in his own mouth and pulled the trigger. Although Thomas suffered

extensive damage to his face, he survived. The State charged him with first degree assault and an accompanying firearm enhancement.

After a 10-day trial, a jury convicted Thomas of the lesser included charge of second degree assault but was unable to reach a unanimous verdict on the question of whether he was armed with a firearm at the time of the commission of the crime. Thomas asked the court to move immediately to sentencing. Instead, the trial court empaneled a new jury for the sole purpose of retrying the firearm sentence enhancement allegation. The second jury was instructed that Thomas "has previously been found to be guilty of Assault in the Second Degree" and that the previous jury's verdict "establishes the existence of those facts and circumstances which are the elements of the crime." After a 7-day trial in which the details of the incident were presented again, the second jury unanimously found that Thomas was armed with a firearm at the time of the commission of assault in the second degree. He was sentenced to a 42-month prison term, of which 36 months were for the firearm enhancement.

In the trial court, Thomas objected to the empaneling of a second jury on the grounds that there had been an implied acquittal on the firearm allegation and that a retrial would violate due process. He argued that the second jury would not know whether the assault conviction was grounded on the initial punch, the broken ankle, or the gunshot. His only argument on appeal is that the trial court lacked authority to impanel the second jury. The State contends that under RAP 1.5(a), Thomas is precluded from raising that argument for the first time on appeal. If the trial court lacked authority to empanel a second jury to rule

2

on the sentence enhancements as Thomas alleges, then the court exceeded its authority and the sentence is contrary to law. Illegal sentences may be challenged for the first time on appeal. State v. Bahl, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). Thus, we consider the argument.

Trial courts lack inherent authority to empanel sentencing juries. State v. Pillatos, 159 Wn.2d 459, 469-70, 150 P.3d 1130 (2007). Thomas reasons that absent a statute directly authorizing the empaneling of a new jury, the trial court exceeded its authority and his sentence must be reversed.

As the State argues, Washington law explicitly permits a jury to consider a firearm enhancement. State v. Nguyen, 134 Wn. App. 863, 870-71, 142 P.3d 1117 (2006), review denied, 163 Wn.2d 1053 (2008), cert. denied, 555 U.S. 1055 (2008). The issue here, though, is whether Washington law permits the empaneling of a second jury to consider a firearm enhancement on which the first jury was unable to agree. The State suggests that RCW 9.94A.825 provides that authority. That statute, however, does not answer the question and in fact arguably can be read as requiring the jury that finds the defendant guilty to also make the special verdict finding.[1] But appellant does not discuss that statute and

---

[1] RCW 9.94A.825 provides:
In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.

3

instead attacks the State's argument that post-Pillatos developments in the law provide the necessary authority.

Of the more recent cases, the most similar is State v. Reyes-Brooks, 165 Wn. App. 193, 202-06, 267 P.3d 465 (2011), modified on remand as noted at 171 Wn. App. 1028 (2012). In that case, this court affirmed a defendant's convictions but vacated a firearm enhancement, finding that the language of the special verdict form was erroneous in light of State v. Bashaw, 169 Wn.2d 133, 147, 234 P.3d 195 (2010). Bashaw was later overruled by State v. Nunez, 174 Wn.2d 707, 285 P.3d 21 (2012), but that had not yet occurred. Following Bashaw, we instructed the trial court to empanel a new jury to consider the firearm enhancement on remand. Reyes-Brooks, 165 Wn. App. at 206.

To support authorizing the empanelling of a second jury, we relied in part on the legislative statement accompanying RCW 9.94A.537: "The legislature intends that the superior courts shall have the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing." LAWS OF 2007, ch. 205 § 1 (emphasis added), cited in Reyes-Brooks, 165 Wn. App. at 206. We held that it is from this guiding public policy that courts derived their authority to empanel a new jury and that this authority applied to all aggravating factors, including those not covered by RCW 9.94A.537(2). Reyes-Brooks, 165 Wn. App. at 206. Reyes-Brooks was ultimately reversed and remanded by the Supreme Court when the court overruled Bashaw, but Thomas offers no persuasive reason why we should

4

reject the Reyes-Brooks reasoning that trial courts possess the authority to empanel a new jury in these circumstances.

The argument made by Thomas is also incompatible with State v. Thomas, 166 Wn.2d 380, 393, 208 P.3d 1107 (2009) (Thomas II). The defendant was convicted of premeditated first degree murder. His death sentence was overturned on appeal. He then challenged the trial court's authority to impanel a new jury to consider anew the existence of aggravating factors. The Supreme Court rejected this argument and stated that under CrR 6.1(a), "the power to empanel a jury to hear aggravating factors is a court mandated component of the power to hear cases 'required to be tried by jury.'" Thomas II, 166 Wn.2d at 393, quoting CrR 6.1(a). We reject appellant's argument that the holding of Thomas II is limited to consideration of aggravating factors listed in RCW 10.95.020. Thomas II focuses on broad authority provided by court rules rather than tying the holding to a specific statute. As evidenced by this court's reliance on Thomas II in Reyes-Brooks, the applicability of Thomas II extends beyond first degree murder.

Finally, as the State correctly notes, prohibiting trial courts from empaneling a new jury to hear sentence enhancement allegations would effectively transform a nonunanimous verdict into a de facto acquittal and would thereby contravene Nunez, 174 Wn.2d at 719. Nunez overruled Bashaw and held that unanimity was required to reject aggravating circumstances, including deadly weapon sentence enhancements. Nunez, 174 Wn.2d at 715. Implicit in

the unanimous rejection requirement is the authority to empanel a new jury to consider sentence enhancements.

> Both the United States and Washington Constitutions prohibit successive prosecutions for an offense on which the defendant has been acquitted. But proving the elements of an offense is different from proving an aggravating circumstance. The Supreme Court has held that the prosecution's admitted failure to prove an aggravating circumstance beyond a reasonable doubt does not preclude retrial of that allegation at a new sentencing proceeding, except in the context of death penalty cases. Accordingly, whether a jury unanimously rejected an aggravating circumstance has no bearing on whether the factor may be retried outside of the death penalty context. The nonunanimity rule would therefore not preclude retrial of a non-death-penalty aggravator.

Nunez, 174 Wn.2d at 717-18 (footnotes omitted).

Because Thomas has failed to establish that the trial court lacked the authority to empanel a second jury, his claim must be denied.

Thomas asks that no costs be awarded on appeal. The State does not respond. Appellate costs are generally awarded to the substantially prevailing party on review. Thomas was found indigent by the trial court. When a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. If the State has evidence indicating that Thomas's financial circumstances have significantly improved since the trial court's finding, the State may file a motion for costs with the commissioner.

Affirmed.

Becker, J.

WE CONCUR:

Dwyer, J.                    Appelwick, J.